UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL JACOB HALLENBAKE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-00281-JPH-MG ) |
| MICHAEL FORNEY, et al., | ) ) ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT**

Daniel Hallenbake, who is incarcerated by the Indiana Department of Correction, filed this lawsuit when he was incarcerated at the Bartholomew County Jail alleging that he was X-rayed, subjected to a strip search, and sexually harassed when he was booked into the Jail. The defendants have moved for summary judgment arguing that Mr. Hallenbake failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act before he filed this lawsuit. For the reasons below, that motion is **GRANTED**.

**I.
Standard of Review**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Cmty. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving

party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

## II.
## Factual Background

Because the defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

The Bartholomew County jail has an inmate grievance procedure. Dkt. 34-1 at 1, ¶ 3. Pursuant to the grievance policy, a grievance must be submitted within 72 hours of the incident at issue. *Id.* at 2, ¶ 4. An inmate can appeal to the jail commander if unsatisfied with the response to the grievance. *Id.* Mr. Hallenbake signed an acknowledgement that he read and understood the jail rules. *Id.* at 2 ¶ 4, 10.

Mr. Hallenbake submitted three grievances from the time he was booked into the Jail until he filed his lawsuit on February 2, 2021. *Id.* at 11-13. None of the grievances concerned the allegations in the complaint. *See id.*

## III.
## Discussion

The defendants seek summary judgment arguing that Mr. Hallenbake failed to exhaust his available administrative remedies because he did not submit a grievance regarding his allegations that he was harassed and improperly searched when he was booked into the Jail.

### A. Applicable Law

The PLRA requires that a prisoner exhaust his available administrative remedies before suing concerning prison conditions. 42 U.S.C. § 1997e(a); *see*

*Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). The requirement is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.*; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Nonetheless, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016). An administrative procedure is unavailable when "it operates as a simple dead end," when it "might be so opaque that it becomes, practically speaking, incapable of use" or when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643.

It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because

4

exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

### B. Mr. Hallenbake's Use of the Grievance Process

Defendants argue that they are entitled to summary judgment because Mr. Hallenbake failed to exhaust available administrative remedies. Defendants have designated evidence showing that Mr. Hallenbake knew about the grievance procedure, that it was available to him, and that Mr. Hallenbake did not utilize it with respect to the incidents that he alleges to have occurred when he was being booked into the Jail and are the basis for his claims in this case. Dkt. 34-1.

Mr. Hallenbake does not dispute that he did not file a grievance related to the claims in his complaint. Instead, he argues that the 72-hour time limit to file a grievance was insufficient to allow him to "gather the necessary information" to file a grievance. Dkt. 37 at 2. He also argues that he was afraid that the officers in question would retaliate against him either "in the form of jail sanctions or continued harassment" if he filed a grievance. *Id.* at 3.

First, Mr. Hallenbake's contention that he did not have adequate time to investigate his complaints is insufficient to show that the grievance process was not available to him because he does not specify what information he believes was necessary before filing a grievance. The level of detail necessary in a grievance will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock,* 49 U.S. 199, 218 (2007). Where the

administrative policy is silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002); *see also Wilder v. Sutton,* 310 Fed. Appx. 10, 15, 2009 WL 330531, at *4 (7th Cir. 2009) ("[P]risoners must only put responsible persons on notice about the conditions about which they are complaining"). A grievance "need not lay out the facts, articulate legal theories, or demand particular relief" so long as the grievance objects "intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650.

Here, the grievance procedure provided by the defendants does not require specific information or evidence to be included as part of a grievance but only requires that: "all grievances or complaints must be submitted in writing on provided form . . . and must be submitted within seventy-two hours of the alleged occurrence." Dkt. 34-1 at 9; *see also id.* at 5, 7. Mr. Hallenbake does not identify what specific information he allegedly needed to file a grievance, nor does he otherwise explain why 72 hours was not enough time for him to prepare a grievance. Mr. Hallenbake designates no evidence in support of his argument and only makes the conclusory assertion that "[t]he event in question took place during the Plaintiff's book in, there was no possible way to gather necessary information to appropriate the grievance forms." Dkt. 37 at 2. He goes on to state, "[a]fter gathering the appropriate information to properly file the grievance, . . . ", dkt. 37 at 3, but again does not provide any description or identification of the information that he allegedly needed to prepare his grievance. As there is no specific level of detail required to file a grievance, Mr. Hallenbake's asserted

inability to gather additional information did not prevent him from filing a timely grievance.

Next, Mr. Hallenbake contends that he did not file a grievance for fear of retaliation. It is true that administrative remedies can be unavailable when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643. But Mr. Hallenbake has designated no evidence of specific threats of retaliation or any other misconduct by Jail officials related to his fear of retaliation. *See Crouch v. Brown*, 27 F.4th 1315, 1322 (7th Cir. 2022) (no evidence of "affirmative misconduct" by prison officials to have made the administrative process unavailable). Instead, he only makes the conclusory allegation that he "was in genuine fear of retaliation by the officers in question, whether to be in the form of jail sanctions or continued harassment." Dkt. 37 at 3.

In short, it is undisputed that Mr. Hallenbake did not file a grievance regarding his claims in this case. And there is no evidence that the administrative process was unavailable to him. He has therefore failed to exhaust his available administrative remedies and the defendants are entitled to summary judgment.

## V.
## Conclusion

The defendants' motion for summary judgment, dkt. [34], is **GRANTED**. Judgment dismissing this action without prejudice shall now issue. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

**SO ORDERED.**

Date: 2/15/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DANIEL JACOB HALLENBAKE
287636
HERITAGE TRAIL CORRECTIONAL FACILITY
727 Moon Rd.
Plainfield, IN 46168

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com